IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

WILLIAM P. CRONAN, )
 )
 Plaintiff, )
 )
v. )
 ) Case No. 2:08-cv-04224-NKL
TREVOR FOWLER, )
 and, )
SCOTT EWING )
 )
 Defendants. )

**O R D E R**

Plaintiff William P. Cronan brings this action for money damages under 42 U.S.C. § 1983 against Defendants Trevor Fowler and Scott Ewing (collectively "Defendants") in their individual capacities. Mr. Cronan alleges in his complaint that Defendants made an unlawful arrest that was not supported by probable cause, which caused Mr. Cronan injuries for which he seeks actual and punitive damages. The matter is before this Court on Defendants' Motion for Summary Judgment [Doc. # 28] and Mr. Cronan's Motion for Summary Judgment on the Issue of Liability [Doc. # 32]. For the following reasons, Defendants' motion is GRANTED. Mr. Cronan's motion is DENIED.

**I.   Factual Background**

1

The material facts are viewed in the light most favorable to Mr. Cronan, the non-movant. While there are other facts in dispute, they do not preclude summary judgment because they are not material.

On June 7, 2008, Mr. Cronan dispensed $53.50 in fuel at the Little General gas station in Columbia, Missouri. He used a credit card to pay at the pump. After the fuel pump's payment device did not print a receipt and asked him to see an attendant, Mr. Cronan entered the station where a disagreement ensued between him and the attendant over whether his credit card had been authorized. Mr. Cronan was told by the clerk that he had not paid and Mr. Cronan insisted that he had paid. The clerk told him he had to pay, but instead Mr. Cronan left the filling station after giving the attendant his name, telephone number, address, and a promise to return to pay if the charge did not appear on his credit card statement. At all relevant times Mr. Cronan believed that he had paid for the gas with his credit card. The written records of the Little General show that an authorization for Mr. Cronan's credit card was registered. Cronan, however, now admits that his credit card was not actually charged and he subsequently paid for the gas by check.

After Mr. Cronan left the Little General, the attendant notified the Boone County Sheriff's Department of a leave-without-pay violation, and Deputy Trevor Fowler responded by calling the gas station on his mobile phone. The attendant told Deputy Fowler that Mr. Cronan had left without paying, and gave him Mr. Cronan's contact information. She also informed Deputy Fowler of Mr. Cronan's promise to return to pay, which she deemed unacceptable. Deputy Fowler then called Mr. Cronan and asked him to return to the filling

station to pay, but Mr. Cronan refused. Deputy Fowler then ended the phone conversation and drove to Mr. Cronan's house – along with Sergeant Scott Ewing, also of the Boone County Sheriff's Department – where the officers confronted Mr. Cronan on his front porch. Prior to their arrival at the front porch, Deputy Fowler did not believe he had probable cause to arrest Mr. Cronan.

The officers asked Mr. Cronan if he had a receipt for the purchase. Mr. Cronan admitted that he did not have a receipt and the Deputies then told him that he needed to return to the gas station to pay. Mr. Cronan again refused, and Deputy Fowler told him he would be arrested for stealing if he did not return. Mr. Cronan demanded to know the charge and to see an arrest warrant, and Deputy Fowler told Mr. Cronan he did not need a warrant to arrest him for stealing. Mr. Cronan still refused to return to the filling station and attempted to re-enter his home, but Sgt. Ewing blocked the door while Deputy Fowler grabbed Mr. Cronan by the arm. Deputy Fowler then notified Mr. Cronan that he was under arrest for stealing. He was booked for the offense, but the prosecutor declined to press charges.

After no charges were filed, Mr. Cronan brought suit in this Court alleging that Defendants Fowler and Ewing violated his constitutional rights by arresting him without probable cause. Defendants Fowler and Ewing have moved for summary judgment claiming that they had probable cause to arrest Mr. Cronan and even if they did not, they are entitled to qualified immunity.

**II. Discussion**

Probable cause to arrest exists where an objectively reasonable police officer would believe that an individual was committing or had committed an offense. *United States v. Jones*, 535 F.3d 886, 890 (8th Cir. 2008) (citing *Maryland v. Pringle*, 540 U.S. 366, 371 (2003)). *See also* Missouri Powers of Arrest Statute, Mo. Rev. Stat. § 544.216 (Vernon 2008). This determination should be made from the totality of the circumstances based on the information available to the officer at the time of the arrest. *United States v. Quiroga*, 554 F.3d 1150, 1154 (8th Cir. 2009). In making this determination a police officer must consider exonerating evidence. *Kuehl v. Burtis,* 173 F.3d, 646 (8th Cir. 1999). However, an officer is not required to believe the statements of a suspect. *United States v. Washington,* 109 F.3d 459, 465 (8th Cir. 1997). Nonetheless, "law enforcement officers have a duty to conduct a reasonably thorough investigation prior to arresting a suspect, at least in the absence of exigent circumstances and so long as 'law enforcement would not [be] unduly hampered ... if the agents ... wait[ ] to obtain more facts before seeking to arrest.'" *See Kuehl v. Burtis*, 173 F.3d 646, 650 (8th Cir. 1999) (citing and quoting *United States v. Woolbright*, 831 F.2d 1390, 1394 (8th Cir.1987)). However, an officer need not conduct a "mini-trial" before making an arrest.

Mr. Cronan was arrested for stealing under Missouri Revised Statutes § 570.030. The relevant subsection reads: "A person commits the crime of stealing if he or she appropriates property or services of another with the purpose to deprive him or her thereof, either without his or her consent or by means of deceit or coercion." Mo. Rev. Stat. § 570.030.1 (Vernon 2009). This statute is limited by another relevant Missouri statute which provides that "[a]

4

person does not commit an offense under section 570.030 if, at the time of the appropriation, he [. . .] acted in the honest belief that he had the right to do so[.]" *Id.* at § 570.070.1(1).

Thus, to have probable cause in ths case, a reasonable police officer would have to believe that Mr. Cronan took the Little General's gas with the intent to deprive it of the gas and Mr. Cronan did not honestly believe that he was entitled to do so. Yet, Mr. Cronan left his name, address and phone number with the clerk. Before arresting Mr. Cronan, the officers were able to verify that Mr. Cronan had given his correct name, address and phone number. Mr. Cronan did not deny the incident and readily admitted that he did not have a receipt. The Deputies knew that Mr. Cronan had said that he paid and did not want to pay twice. While the record does not show that the Deputies knew that Mr. Cronan had come into the Little General when directed to do so by a machine, a cursory investigation would have revealed that information. Following the directions of a machine is inconsistent with someone trying to leave without paying for gas. At a minimum, before arresting Mr. Cronan, a reasonable police officer would gather all the information about the transaction - such as Mr. Cronan responding to the mechanical message at the pump - in order to learn why Mr. Cronan thought he had paid. Having given his correct name, address and phone number, admitted the dispute and continued to insist that he had paid in the face of a threat by the police to arrest him simply doesn't suggest deceit to a reasonably prudent police officer. A prudent police officer would have recognized this was a dispute about whether a payment had or had not been made, which would not be remarkable given that the customer is required to operate the machine at the Little General and machines don't always work

5

properly. The Court, therefore, concludes that a reasonably prudent police officer would have understood that Mr. Cronan had an honest albeit mistaken belief that he had paid for the gas and, therefore, there was no probable cause for his arrest.

Nonetheless, because the Court finds that the Deputies are entitled to qualified immunity, it will grant the Defendants' Motion for Summary Judgment. Qualified immunity shields law enforcement officers from § 1983 liability if they arrest a suspect under the mistaken belief that they have probable cause to do so. *Kuehl v. Burtis*, 173 F.3d 646, 649-50 (8th Cir. 1999). *See also Anderson v. Creighton*, 483 U.S. 635, 640-41 (1987). Thus, the appropriate standard "'is not probable cause in fact but arguable probable cause [. . .] that is, whether the officer should have known that the arrest violated plaintiff's clearly established right.'" *Walker v. City of Pine Bluff*, 414 F.3d 989, 992 (8th Cir. 2005) (quoting *Habiger v. City of Fargo*, 80 F.3d 289, 295 (8th Cir.1996)). The immunity has been applied broadly, and it protects "all but the plainly incompetent or those who knowingly violate the law." *See Malley v. Briggs*, 475 U.S. 335, 341 (1986). The doctrine exists because, as the Eighth Circuit has said, "officers are not expected to parse code language as though they were participating in a law school seminar . . . ." *Lawyer v. City of Council Bluffs*, 361 F.3d 1099, 1108 (8th Cir. 2004). Because qualified immunity is an immunity from suit – as opposed to a mere defense to liability – it is effectively lost if a case is allowed to go to trial, and the Supreme Court has repeatedly stressed that district courts should resolve qualified immunity issues at the earliest possible stage. *See, e.g., Scott v. Harris*, 550 U.S. 372, 376 n.2 (2007); *Hunter v. Bryant*, 502 U.S. 224, 228 (1991).

Although the Court has found that there was no probable cause for Mr. Cronan's arrest, it cannot say that Deputy Fowler and Deputy Ewing were "plainly incompetent." If an officer did not think through the logic of the situation, Mr. Cronan's surprising refusal to return and pay for the gas may have led these officers to believe that he did not have an honest motive. Mr. Cronan's actions were uncharacteristic of the average citizen confronted by the police, he did not have a receipt and the convenience store clerk indicated that he had taken the gas without authorization from the business. While the conduct of these Deputies fell well below the standard expected from the Boone County Sheriff and indeed was grossly negligent (a law degree is not necessary to exercise common sense), the very protective standard of qualified immunity precludes Mr. Cronan's claim for damages. The Deputies had "arguable probable cause" to arrest Mr. Cronan for stealing under § 570.030.

Mr. Cronan asserts that Deputy Fowler was plainly incompetent because he acknowledged that he had no probable cause to arrest upon arriving at the Cronan residence, and then after arriving, Defendants failed to conduct a thorough investigation. This allegation fails to abrogate Defendants' qualified immunity. Deputy Fowler indicated that at the time he arrived at the Cronan residence he "needed a few more facts" before he would have probable cause (Fowler Dep. 96:1-4). After confronting Mr. Cronan on his front porch, Dep. Fowler learned two additional facts: first, that Mr. Cronan did not have a receipt for the gasoline, and, second, that he continued to refuse to return to the Little General even when confronted in person by a law enforcement officer. The fact that Deputy Fowler did not believe he had probable cause before arriving at Mr. Cronan's residence does not preclude

qualified immunity under these additional circumstances.

**III.  Conclusion**

Accordingly, it is hereby

ORDERED that Defendants' Motion for Summary Judgment [Doc. # 28] is GRANTED.  Mr. Cronan's Motion for Summary Judgment on the Issue of Liability [Doc. # 32] is DENIED.

                                           s/ Nanette K. Laughrey
                                           NANETTE K. LAUGHREY
                                           United States District Judge

Dated:  July 16, 2009
Jefferson City, Missouri